### In re EAGLE CLOTHES, INC., Debtor.

### Bankruptcy No. 77 B 2662.

United States Bankruptcy Court, S. D. New York.

July 2, 1981.

Ballon, Stoll & Itzler, New York City, for debtor.

Hahn, Hessen, Margolis & Ryan, New York City, for Creditors Committee.

Young, Rose & Millspaugh, Newark, N. J., for Minicomputer & Sales Leasing, Inc.

Shea & Gould, New York City, for Kings Plaza.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

By an application dated September 12, 1979 Eagle Clothes, Inc. (Eagle) seeks leave of this Court to file an amended answer to a motion filed on April 10, 1978 and originally answered on May 1, 1978. After review of the transcripts of the hearings held on November 20 and December 12, 1979, of the history of this proceeding and of the relevant law under Rule 15 of the Federal Rules of Civil Procedure (FRCP), applicable to the action under Bankruptcy Rule 715, this Court denies the motion to amend.

On April 10, 1978 Minicomputer Sales and Leasing, Inc., (Minicomputer), filed a motion with this Court for an order directing Eagle to pay $44,115 to Minicomputer as an expense of administration. This claim was based on a December 16, 1976 contract for the installation and maintenance of a "Reality" computer system. In its original answer Eagle denied that any money was due, and contended that if any payment was due under the contract all payments were to be made prior to the filing of the petition, and any money due would be no more than a general claim. Additionally, as Rule 11–61 requires an adversary proceeding for recovery of money or property, such relief requested by a motion must be denied.

On June 21, 1978, under the auspices of this Court, a proposed settlement was reached, and on January 24, 1979 Eagle and Minicomputer entered into a stipulation which required Eagle to pay $22,057.50, and which required Minicomputer to complete certain work on the computer system. In its Notice of Hearing dated September 12, 1979, Eagle contends that the stipulation has been violated, Minicomputer should be required to refund the money paid pursuant to the stipulation, and Eagle should be allowed to assert counterclaims based on a breach of the underlying contract.

Therefore, the main issue presently before this Court is whether Eagle should be allowed to amend its answer more than sixteen months after the original answer was filed where the parties have been attempting to effect a settlement in the interim. A motion to amend is addressed to the discretion of the court, *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), which can only be properly exercised after review of the facts of the case, taking into account the possibility of prejudice to Minicomputer, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971), or any evidence of undue delay or bad faith. *Foman v. Davis*, 321 U.S. at 182, 83 S.Ct. at 230.

The facts of this case lead this Court to find that justice does not require that leave to amend be granted. By the time the

motion to amend came on for a hearing, on November 20 and December 12, 1979, Eagle had rejected the lease for the computer which Minicomputer had installed and programed. See this Court's order dated October 24, 1979. The proposed counterclaims seek to recover damages of $2 million for loss of business due to a breach of the warranties under the original sales contract, and additional consequential damages of approximately $400,000. Paragraph 17 of the proposed amendment states that the breach of warranties was discovered "after the date set forth in the contract for completion," that is, November 1, 1977. Minicomputer filed its "motion" for administrative expense more than six months later, and Eagle does not claim that it did not have the knowledge which serves as the basis for these counterclaims by May 1, 1978 when the original answer was filed. In *Waters v. Weyerhaeuser Mortgage Co.*, 582 F.2d 503 (9th Cir. 1978), the Court of Appeals affirmed the denial of leave to amend when there was no showing that information supporting the new claim was unknown or unavailable when discovery was closed.

The fact of delay alone would not lead this Court to deny the mandate of FRCP 15(a) that leave to amend be given freely. But the facts indicate that Minicomputer has suffered actual prejudice through the events which have occurred in the interim. At the November 20 hearing, Minicomputer contended that Eagle had refused to cooperate with the workmen who were attempting to perform in compliance with the stipulation of January 24, 1979. (Transcript of Nov. 20 at p. 9). At the December 12 hearing the Court was informed that the tapes prepared by Minicomputer for Eagle had been "contaminated," and the computer damaged when the equipment was relocated without Minicomputer's assistance. None of this was denied by Eagle. It would clearly be prejudicial to require that Minicomputer now defend its performance of the warranties under the original contract to Eagle's satisfaction when the evidence has been materially altered while the equipment was under the control of Eagle.

As previously mentioned, Eagle rejected the computer lease shortly after the motion to amend was filed. Minicomputer contends that since Eagle had determined that it no longer had any need for the computer, it affirmatively prevented Minicomputer from complying with the stipulation. (Transcript of Nov. 20 at p. 9). Citi-Corp leasing repossessed the computer after the rejection. Additionally, Minicomputer contends that Eagle is attempting to interpose these counterclaims now since Minicomputer was acquired by the McDonald Douglas Corporation which has the financial resources to respond to a judgment. (Transcript of Nov. 20 at p. 12).

Another factor in this Court's decision is that Eagle's plan of arrangement was confirmed on April 29, 1980. The events leading up to the confirmation involved bitterly contested dispositions of leases, judicial sales, difficulties in locating funders for the plan, opposition by the Creditors Committee to plan proposals which caused this particular action to recede into the background. The counterclaims constitute a full fledged breach of contract action which belongs in a court of competent jurisdiction.

Therefore, as "it is within the sound discretion of the . . . court, in consideration of the potential prejudice to the other party and the interest in eventual resolution of litigation to deny leave to amend," *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977), the motion by Eagle to amend its answer to interpose counterclaims is hereby denied.

It is so ordered.